**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES LAUGHRIDGE,

Plaintiff,

v. Case No: 6:25-cv-2126-CEM-LHP

BRANDON STAHL, JOSEPH LUNDY, SHANE OVERFIELD,

Defendants

---

**ORDER**

Before the Court is Defendants' Motion to Stay Case Pending Ruling on Defendants' Motions to Dismiss Based on Qualified Immunity. Doc. No. 52. Plaintiff partially opposes. Doc. No. 58. Upon consideration, the motion (Doc. No. 52) will be denied.

Plaintiff James Laughridge, proceeding *pro se*, filed his first complaint in this case against Defendant Stahl and others on November 6, 2025, alleging claims under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights. Doc. No. 1. The operative pleading is Plaintiff's First Amended Complaint, filed on May 22, 2026, which asserts three (3) claims under 42 U.S.C. § 1983 for First Amendment retaliation against Defendant Brandon Stahl (Count I), Defendant

Joseph Lundy (Count II), and Defendant Shane Overfield (Count III) in their individual capacities. Doc. No. 42. In sum, Plaintiff's claims center around an incident that occurred on November 9, 2024, when Plaintiff complained about the parking of Defendant Stahl's personal Jeep in a gated community. *Id.* ¶¶ 18, 21, 26. Plaintiff complained to the Orange County Sheriff's Office ("OCSO"), and to Defendant Stahl directly, and recorded Defendant Stahl and OCSO with his cellphone. *Id.* ¶¶ 21, 26, 34, 36. Two (2) days later, Defendants contacted Plaintiff's employer via email and telephone and falsely claimed Plaintiff had engaged in aggressive behavior and had to be confronted by deputies during the November 9, 2024 incident. *Id.* ¶¶ 42-48. Plaintiff alleges that Defendants' communications with his employer were in retaliation for Plaintiff's protected First Amendment conduct, resulting in a formal investigation and temporary suspension of Plaintiff's job duties/privileges, and causing Plaintiff emotional distress and harm to his professional reputation, as well as a chilling effect on his future protected speech. *Id.* ¶¶ 49-56.

Defendants have moved to dismiss based on the doctrine of qualified immunity, and because Plaintiff has failed to plausibly allege claims of First Amendment retaliation. Doc. Nos. 45, 51. Plaintiff has responded in opposition, and the motions remain pending before the Presiding District Judge. Doc. Nos. 50, 59. Pursuant to the Case Management and Scheduling Order, discovery closes on

April 19, 2027, the dispositive motions deadline is May 19, 2027, and jury trial is scheduled for the October 2027 trial term. Doc. No. 26.

Now before the Court is Defendants' motion to stay all remaining case management deadlines pending resolution of their qualified immunity defense raised in their motions to dismiss. Doc. No. 52. In response, Plaintiff does not oppose a stay of all future deadlines, but asks that any discovery already in progress, to include a subpoena served on the City of Orlando and Plaintiff's Renewed Motion to Compel (Doc. No. 56), be allowed to proceed. Doc. No. 58.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District. *See* Middle District Discovery (2021) § (I)(E)(4); *see also Gen. Dynamics Elec. Boat Corp. v. Skobic*, No. 3:24-cv-387-WWB-MCR, 2024 WL 4188363, at *3 (M.D. Fla. Sept. 13, 2024) ("A stay of discovery should be the exception rather than the rule. There is no general rule that discovery be stayed while a pending motion to dismiss is resolved." (citations omitted)). Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite

discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). *See also Tech Traders, LLC v. Insuladd Env't, Ltd.*, No. 6:18-cv-754-Orl-40GJK, 2018 WL 8369219, at *1 (M.D. Fla. Oct. 5, 2018) (noting that requests to stay discovery "are generally disfavored because they unreasonably delay the progress of the case and impede the Court's ability to manage discovery.").

The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (quotations omitted).

In addition, the Court notes that the United States Supreme Court has stated discovery generally should not proceed until the threshold issue of qualified immunity is addressed. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting

qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question"). However, the Supreme Court has qualified this general guidance, noting discovery may be appropriate even when the defense of qualified immunity is raised. *Crawford-El v. Britton*, 523 U.S. 574, 588, 597–98 (1998) (stating a trial court must exercise discretion when deciding whether to allow discovery after the defense of qualified immunity is raised and noting qualified immunity is intended to protect officials from "broad-reaching discovery" but some discovery may still be proper). Likewise, the Eleventh Circuit has recognized discovery is not uniformly prohibited before a qualified immunity defense is decided. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (noting some discovery may be permitted but the trial court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery" (quoting *Crawford–El*, 523 U.S. at 597–98)).

With these standards in mind, the Court finds that Defendants have not shown good cause for a stay of the case. The undersigned recently entered a Report and Recommendation recommending that the Presiding District Judge deny both motions to dismiss. Doc. No. 60. As it specifically pertains to qualified immunity, the undersigned found that Defendants failed to satisfy their burden that they were acting within their discretionary authority – indeed they made only a

passing reference in a footnote to this burden – and that the law regarding First Amendment retaliation as it relates to the facts of this case was clearly established as of the time of the events in question. *Id.* The undersigned further noted that Defendants could reassert their qualified immunity defense at summary judgment, following development of a factual record. *Id.* As for Defendants' other arguments, the undersigned applied the standards for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and found that Plaintiff had sufficiently alleged plausible claims for First Amendment retaliation. *Id.*

Thus, while the undersigned does not speak to the ultimate resolution of Defendants' motions, it is not a foregone conclusion that Defendants will prevail on their motions to dismiss such that a stay of the case is warranted. *Cf. United States Ex Rel. Deligdish v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2025 WL 1580804, at *1 (M.D. Fla. June 4, 2025), *aff'd sub nom. Deligdish v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2025 WL 2217710 (M.D. Fla. Aug. 5, 2025) (denying motion to stay where magistrate judge issued a report recommending dismissal of some, but not all, claims; "[t]hus, though the undersigned has found that the motions to dismiss have some clear merit . . ., the undersigned has implicitly found that the motions to dismiss are not 'truly case dispositive,' in that they do not dispose of this case as a whole or eliminate entirely the need for discovery. . . . As such, staying discovery . . . does not serve the interests of justice or judicial

economy." (citations omitted)); *Aldridge v. Beaumier, et al.*, No. 5:21-cv-15, 2021 WL 12440246, at *2-3 (S.D. Ga. May 20, 2021) (denying motion to stay pending resolution of motion to dismiss raising qualified immunity where it did not appear that resolution of the motion to dismiss would resolve the entire case).[1]

Other than relying on their qualified immunity defense, Defendants make no argument that litigating this case will cause any specific burden or prejudice, or that discovery is disproportionate or otherwise inappropriate. *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012) ("[T]he multitude of tools provided by the discovery rules remain at [defendant's] disposal," and "particularized discovery issues [may] be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay of discovery."). Indeed, at this point it appears that discovery has been minimal, with the lone pending dispute related to a subpoena directed to a non-party. *See* Doc. Nos. 56, 58. Thus, the Court finds no other special circumstances exist warranting a stay of this case at this time.

---

[1] In addition to citing to general legal principles, Defendants reference two (2) district court decisions where motions to stay were granted. Both are distinguishable. In *James v. Conley*, No. 1:23-cv-24467-KMM, 2024 WL 4377612, at *2 (S.D. Fla. Aug. 23, 2024), the motion to dismiss was filed by a recently added defendant, and there was no report and recommendation or other ruling on the motion. And *Elliott v. Wilcox*, No. 3:13-cv-580-J-39JRK, 2015 WL 13389881, at *2 (M.D. Fla. Feb. 5, 2015) involved an unopposed motion to stay case management deadlines pending resolution of motions for summary judgment, not, as Defendants misquote, motions to dismiss.

For these reasons, Defendants' motion to stay (Doc. No. 52) is **DENIED**. *See also Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 WL 4763127, at *2 (S.D. Fla. June 26, 2023) (denying motion to stay pending resolution of motion to dismiss because "dismissal [wa]s not a foregone conclusion").

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties