**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES LAUGHRIDGE,

Plaintiff,

v. Case No: 6:25-cv-2126-CEM-LHP

BRANDON STAHL, JOSEPH LUNDY
and SHANE OVERFIELD

Defendants

---

## ORDER

Before the Court is Defendants' Motion to Consolidate (Doc. No. 68), through which Defendants Brandon Stahl, Joseph Lundy, and Shane Overfield seek to consolidate this case with a related matter, *James Laughridge v. Nicolas McLean, et al.*, Case No. 6:25-cv-1847-CEM-LHP (the "McLean case") for all pretrial purposes, including dispositive motions. Defendants contend that consolidation is proper because both actions arise from the same underlying incident, involve the same Plaintiff, assert claims under 42 U.S.C. § 1983 and allege First Amendment violations, and would involve duplicative discovery. Doc. No. 68, at 4. Counsel for Defendants in the McLean case do not oppose consolidation (Doc. No. 70), however Plaintiff James Laughridge, proceeding *pro se*, does. Doc. No. 72.

Federal Rule of Civil Procedure 42(a) states, "If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." This Rule "codifies a district court's 'inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). The factors a court considers when deciding whether consolidation is appropriate include:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Upon review of the motion and opposition, the Court agrees with Plaintiff that consolidation is not proper – or at least Defendants have not established that it is warranted at this time. While Defendants state that the two cases arise from the same underlying incident, that is not entirely accurate: the present case involves an initial interaction between Plaintiff and an off-duty officer with the Orlando Police Department, and Defendants' contact with Plaintiff's employer thereafter. *See* Doc. No. 42. The McLean case involves Plaintiff's interactions with several

Orange County Sheriff's deputies who were called to the scene after the initial interaction had completed. *See* McLean Case, Doc. No. 47. Thus, while Plaintiff is the same in both cases, Defendants are not, and the events that form the basis of Plaintiff's claims differ. As such, the Court questions whether there is a risk of inconsistent judgments, as it is entirely possible for the Court (or a jury) to find that Defendants in this case acted improperly while holding that Defendants in the McLean case did not. And on this point Defendants simply state that "[a]ny alleged risk of consistent adjudications outweighs the risk of prejudice and confusion that may arise from inconsistent determinations," but provide nothing to substantiate this conclusory (and confusing) statement. Doc. No. 68, at 4.[1]

In addition, Defendants state that there will be duplicative discovery, but identify none (Doc. No. 68, at 4), whereas Plaintiff makes clear that the parties have been engaging in discovery in both cases without issue. Doc. No. 72, at 3. And Plaintiff suggests that to the extent any discovery may overlap, that the parties could coordinate same without consolidating both cases. *Id.*, at 5.

Accordingly, Defendants' motion to consolidate (Doc. No. 68) is **DENIED WITHOUT PREJUDICE.** The parties are encouraged to work together to

[1] Defendants' reference to *Berry v. Smith*, No. 2:25-cv-299-JES-NPM, 2026 WL 1370962, at *1 (M.D. Fla. May 15, 2026) is unpersuasive, as the related cases involved nearly identical facts (the same defendant issued citations to plaintiffs for violating the same city ordinance for actions at the same protest).

coordinate discovery to avoid unnecessary waste, and of course are always free to enter into an agreement to use discovery across both cases. *See Int'l Speedway Corp. v. SunTrust Bank*, No. 6:19-cv-1544-Orl-41LRH, 2019 WL 5391181, at *3 (M.D. Fla. Oct. 22, 2019) (denying motion to consolidate related cases for similar reasons and noting that "[t]o the extent that some discovery may overlap in the cases, the parties may themselves decide how to minimize the effort or expense associated with that duplication."); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40GJK, 2015 WL 12852305, at *3 (M.D. Fla. Mar. 4, 2015) (denying motion to consolidate related cases and noting that "[t]he Court certainly encourages the parties to avoid duplicative discovery wherever possible.").

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties